```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF INDIANA
                     HAMMOND DIVISION

UNITED STATES OF AMERICA,  )
                           )
Plaintiff,                 )
                           )
vs.                        )    NO. 2:07-CR-42
                           )
JAMES WESLEY HOPPER,       )
                           )
Defendant.                 )
```

## OPINION AND ORDER

This matter is before the Court on Defendant's Amended Motion for Revocation of Detention Order, filed on April 26, 2007. For the reasons set forth below, this motion is **DENIED**.

BACKGROUND

On March 21, 2007, Defendant, James Wesley Hopper was charged in a one-count indictment with possessing with the intent to distribute cocaine, in violation of Title 21 U.S.C. section 841(a). Later that same day, Defendant appeared before Magistrate Judge Cherry for a detention hearing. During that hearing, the Government presented evidence by way of proffer. The Government proffered that, if present, Special Agent David H. Ritchie ("SA Ritchie"), would testify to what is in the affidavit attached to the complaint. This includes that, in January 2007, a confidential source indicated Defendant was an ounce-level distributor of cocaine. The DEA has information of at least five customers who

were purchasing cocaine from Defendant. In addition, the Government has evidence of other likely drug transactions. Surveillance on Defendant's home revealed that vehicular traffic occurred at various times throughout the day and each visit lasted approximately five minutes. According to SA Ritchie's training and experience, this volume of activity accompanied with the length of each visit is common at locations used for illegal drug distribution. Following a traffic stop, officers found 510 grams of cocaine in Defendant's vehicle.

At the detention hearing, the Government also expressed concern that Defendant was engaging in witness tampering and was involved in distributing or attempting to distribute drugs prescribed to him, such as Vicodin. These claims were unsubstantiated. Based on the evidence presented, the Government requested that Defendant be detained pending trial.

Defendant requested pretrial release. Specifically, Defendant sought to be put on electronic monitoring and released to the custody of his mother, with conditions including not being allowed to leave his mother's residence, not allowed to have visitors and not permitted to use a cellular telephone. In response, the Government expressed concern with problems of enforcing pretrial release and preventing Defendant from continuing to engage in drug sales. The Government proffered that Defendant's mother works between 40 and 50 hours a week.

At the conclusion of the hearing, Magistrate Judge Cherry

found that there was a statutory presumption of detention and Defendant had not rebutted that presumption. As such, he ordered Defendant detained pending trial. Defendant has filed the instant motion pursuant to 18 U.S.C. section 3145(b), requesting this Court to revoke the detention order and place him on pretrial release. Notably, Defendant does not request a hearing on this matter but, instead, seeks this Court to review the record as exists.

DISCUSSION

Under Title 18 U.S.C. section 3145(b), this Court has the authority to review Magistrate Judge Cherry's detention order. The Bail Reform Act requires that a defendant be detained pending trial if "no condition or combination of conditions of release will reasonably assure the appearance of the person as required or the safety of any other person and the community." 18 U.S.C. § 3142(e). This Act creates a rebuttable presumption that a defendant presents a risk of flight and a danger to the community if "there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act." 18 U.S.C. § 3142(e).

As a threshold matter, it must be noted that there is probable cause to believe that Defendant has committed an offense that triggers the rebuttable presumption in favor of detention. In an attempt to rebut this presumption, Defendant points out that he has

strong family ties in the area and is a life long resident of Northwest Indiana. In addition, he sets forth that there is no evidence of his having any involvement with weapons or violence. Based upon these showings, he asserts that being placed on house arrest with electronic monitoring along with neither being allowed to receive visitors nor permitted to leave the home for any purpose other than a medical emergency, will assure both his appearance and the safety of the community.

This Court finds that Defendant has not sufficiently rebutted the presumption that no condition or combination of conditions will reasonably assure the safety of the community. This conclusion is arrived at by considering the serious nature and circumstances of the charged drug activity, along with the weight of evidence against Defendant. Indeed, from the evidence presented at the detention hearing, it appears as though Defendant is actively involved in the drug trade. Not only does the Government have direct evidence that Defendant sold cocaine to five different individuals, but the Government also presented circumstantial evidence that Defendant sold cocaine out of his house frequently to many others.

Even if Defendant were relegated to his mother's home, as he requests, he would still present a danger to the community. His mother works between forty and fifty hours a week. As a result, he would be unsupervised for that amount of time each week. This is significant. Especially, in light of the evidence that establishes

his mode of operation includes conducting drug transactions out of his home.  Therefore, the release of Defendant would present an unacceptable danger to the community and the Court denies his request for pretrial release.

CONCLUSION

For the reasons set forth above, this motion is **DENIED**.

**DATED:  April 30, 2007**               /s/RUDY LOZANO, Judge
                                         **United States District Court**